**Roy J. WHITEHEAD, Plaintiff–Appellant,**

v.

**UNKNOWN AGENCY AND/OR AGENTS, Defendant–Appellee.**

No. 06–2165.

United States Court of Appeals, Tenth Circuit.

Aug. 7, 2006.

Roy J. Whitehead, Las Cruces, NM, pro se.

Before KELLY, McKAY, and LUCERO, Circuit Judges.

### ORDER AND JUDGMENT*

MONROE G. McKAY, Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2). The case is therefore ordered submitted without oral argument.

Appellant applied for and received permission to proceed *in forma pauperis* in his 42 U.S.C. § 1983 claim. He asserts that he "has been tortured by voices since a[ ] 1996 evident[i]ary hearing in Naples, Florida" and that these voices might cause him to suffer another stroke or other serious bodily injury. Because Appellant does not know who or what is causing him to hear voices, he has brought an action against unknown defendants. He previously filed a complaint alleging similar injuries. *See Whitehead v. Collier County Sheriff's Office*, Memorandum Opinion and Order (D.N.M. May 12, 2005). That complaint was dismissed with prejudice. *See Whitehead v. Collier County Sheriff's Office*, 143 Fed. Appx. 997 (10th Cir.2005). In this case, Appellant requests that the court (1) make the voices and torture stop, (2) overturn his convictions, and (3) reimburse him for lost business.

The district court dismissed Appellant's complaint sua sponte under 28 U.S.C. § 1915(e)(2). Memorandum Opinion and Order, 6 (D.N.M. May 15, 2006). According to § 1915, a court shall dismiss an *in*

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*forma pauperis* complaint "at any time if ... the action ... is frivolous or malicious [or] fails to state a claim on which relief may be granted." The district court held that Appellant had failed to make a claim upon which relief can be granted. *Id.* at 3.

For substantially similar reasons to those outlined by the district court in its May 15, 2006, order, we **AFFIRM** the district court's dismissal of Appellant's complaint.